UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

NAQUNN BLOUNT #937150,                    NO. 2:25-cv-12375

Plaintiff,                                HON. JONATHAN J.C. GREY

v                                         MAG. JUDGE ANTHONY P. PATTI

C/O STEVEN OWEN,

Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 12)

This matter is before the Court for consideration of Plaintiff NaQunn Blount's

motion to appoint counsel (ECF No. 12). For the reasons that follow, Plaintiff's

motion to appoint counsel is **DENIED WITHOUT PREJUDICE** to renewal after

the case has proceeded past its initial stages.

## I. Background

Plaintiff, a prisoner who is proceeding *in forma pauperis*, asserts an Eighth

Amendment claim under 42 U.S.C § 1983.  Plaintiff alleges Defendant,

Correctional Officer Steven Owen, engaged in unwanted sexual activity towards

Plaintiff when he was in the bathroom. (ECF No. 1, PageID.5-7.)

On March 31, 2026, Plaintiff filed a request for appointment of legal counsel (ECF No. 12) for two reasons. First, Plaintiff states that he lacks the means to retain representation. Second, Plaintiff argues that he has insufficient access to legal resources, such as a law library or training to operate the correctional facility's computer.

## II.     Recruitment of Counsel

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege

2

and not a right." *Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987)* (internal quotation and citation omitted).[1]

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26-27 (1981)*. With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. ... The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith, 110 F. App'x 633, 635 (6th Cir. 2004)* (internal and external citations omitted).[1]  Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert, 136 F. App'x 779, 782 (6th Cir. 2005)*; *Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)*; *Lanier v. Bryant, 332 F.3d 999,*

---

[1] Although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  The Court has considered these factors here and denies the motion.

## III.   Analysis

### A. Probable merit of Plaintiff's claim

At this stage of the litigation, it is too early for the Court to evaluate the merits of Plaintiff's allegations against Defendant Owen, although it acknowledges that they are serious, and, if true, egregious.  That said, Plaintiff rests on his pleadings and thus gives the Court no more to go on beyond his allegations.  Due to the limited number of *pro bono* counsel available in comparison to the vast number of prisoners seeking volunteer representation, the Court generally defers *pro bono* counsel recruitment efforts until the case survives dispositive motion practice. Here, there are impending deadlines set forth in the initial scheduling order entered on June 10, 2026, including a discovery deadline of February 12, 2027 and a dispositive motion cut-off set for April 2, 2027. (ECF No. 20, PageID.60.)  Therefore, it is too early to know if the case is going to trial on the merits; however, if this case proceeds to trial, the Court can revisit the recruitment of *pro bono* counsel.

**B.  Nature of the case and complexity of the issues**

Plaintiff's Eighth Amendment claim alleges cruel and unusual punishment stemming from sexual misconduct perpetrated by an authoritative figure, namely, Correctional Officer Owen. (ECF No. 1).  Plaintiff tells the Court nothing in support of this factor in his motion and it does not appear that such a straightforward allegation of unwanted sexual activity presents a particularly complex issue to litigate.  Indeed, the nature and complexity of the case is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants, as Eighth Amendment and abuse of authority claims are common in prisoner litigation.  Although it is undoubtedly true that counsel would be helpful, the nature of this case and the complexity of the issue do not provide exceptional circumstances to appoint counsel at this time.

**C. Indigency and ability of Plaintiff to represent himself**

Plaintiff contends that he does "not possess the sufficient means to obtain representation" for himself and that the facility where he is currently incarcerated "does not provide an adequate Law Library for me to do meaningful research legally." (ECF No. 12, PageID.46.)  He also points out that he and his fellow prisoners "are not taught how to effectively work computers … [w]hich makes Legal Research difficult" (*id*.), although this is true of nearly all *pro se* litigants,

who more-often-than-not lack any form of legal training.  While the Court recognizes that the expertise of an attorney would be helpful to litigate this case and that the resources for conducting research in prison facilities are generally limited,  this presents only a common, rather than an exceptional circumstance. Indeed, Plaintiff's correctional facility circumstances would apply to nearly every *pro se* prisoner's correctional facility circumstances who proceed *in forma pauperis. See Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D. Cal. May 2020) ("[c]ircumstances common to most prisoners, such as . . . limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 U.S. Dist. LEXIS 209921, *2-4 (E.D. Mich. Dec. 13, 2018) (denying motion for appointment of counsel by a plaintiff who claimed limited access to a law library).  Moreover, "adequate law libraries are *one constitutionally acceptable method* to assure meaningful access to the courts…." *Bounds v. Smith*, 430 U.S. 817, 830 (1977) (emphasis added); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("Bounds did not create an abstract, freestanding right to a law library….")

Moreover, having reviewed Plaintiff's complaint (ECF No. 1), his application to proceed without prepaying fees (ECF No. 6), his motion to appoint counsel (ECF No. 12) and his request for a default judgment (ECF No. 15), the Court observes

that Plaintiff has illustrated his ability to articulate his claim and adequately communicate his requests in a clear and well-organized manner.  For example, Plaintiff's complaint effectively describes three separate occasions of alleged unwanted sexual activity with relevant, supportive information and his present motion, though sparse, is straightforward and easy to follow.

The Court enjoys a great deal of discretion regarding the recruitment of counsel. It sincerely wishes that it were possible to do so here and at this time, as the presence of counsel very often renders litigation more efficient, and undoubtedly renders aid to litigants who lack legal training; however, Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case.

## IV.    Order

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 12) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

Dated: July 10, 2026

_____
   Anthony P. Patti
United States Magistrate Judge

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).